# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FIRST WORLD LIMITED, et al., | Case No. 2:18-cv-01997-KJD-VCF |
| Plaintiffs, | ORDER |
| v. | |
| MIBC HOLDINGS LTD, et al., | |
| Defendants. | |

Presently before the Court is Defendants' Motion to Dismiss for Failure to Prosecute. (#29). Plaintiffs responded in opposition (#33) and Defendants replied (#34).

I.      Factual and Procedural Background

This is a breach of contract case. Plaintiffs, First World Limited, et al., ("First World") are suing Defendants, MICB Holdings Ltd, et al., ("MICB") asking the Court to enforce two agreements, a Memorandum of Understanding and a Promissory Note. The Memorandum of Understanding ("MOU") sought to create an entity to finance and develop large scale projects in Puerto Rico. In line with the MOU, First World invested $400,000 with MIBC to be used for specific purposes as outlined in the MOU. The parties agreed the repayment of that investment would be secured by the Promissory Note. When the parties entered into this agreement, they anticipated the bank credit instrument would be issued within 30 days. However, the bank credit instrument has not yet been issued, and leads to this dispute.

The MOU contained a provision requiring arbitration in case of a dispute. MIBC filed a motion to compel arbitration after First World filed its initial complaint. This Court granted that motion and stayed the case pending the results of the arbitration. MIBC now asks the Court to dismiss the case. MIBC argues that First World has failed to properly prosecute their case and have disobeyed the Court's order to submit their case to arbitration. MIBC also argues that First

World failed to timely respond to MIBC's motion to dismiss, and thus the motion should be granted pursuant to LR 7.2(d). First World argues that the arbitration process has begun, that there is no delay in the prosecution of the case, and that the motion should be denied.

II.     Analysis

Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action of any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision… operates as an adjudication on the merits.

"Upon a motion to dismiss for failure to prosecute, a district court is required to weigh the following factors in arriving at a decision: (1) the court's need to manage its docket, (2) the public interest in expeditious resolution of litigation, (3) the risk of prejudice to defendants from delay, (4) the policy favoring disposition of cases on their merits." Morris v. Morgan Stanley & Co., 942 F.2d 648, 651 (1991). "The failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." Anderson v. Air West, Inc., 542 F.2d 522, 524 (1976). "Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." Morris, 942 F.2d, at 652.

The Court finds that First World's failure to initiate arbitration after the Court compelled it constitutes a failure to prosecute and failure to obey a court order. The Court granted MIBC's motion to compel arbitration and stayed the case on August 10, 2020. (#24). Less than two months later, on October 5, 2020, First World filed a motion to compel Defendants' participation in arbitration or in the alternative for summary judgment. (#25). This Court denied that motion and found that because First World is the party seeking recourse, the ICC rules dictate that they must initiate the arbitration. Id. at 2–3. The Court also found that Defendants were not uncooperative with engaging in arbitration as they are not the ones tasked with initiating it and because they attempted to communicate with First World to participate. Id. Now, two years since the Court ordered arbitration, it has yet to occur.

First World argues in response to the instant motion, acknowledging that the Court ordered arbitration and "[t]hus, the Plaintiffs initiated the Arbitration process." (#33, at 3). However, First World has not presented any evidence indicating that they actually initiated the process. The Court, in its denial of First World's motion to compel MIBC to participate in arbitration, noted that First World must initiate arbitration and then the Secretariat "shall notify the claimant and respondent of the receipt of the Request." (#25). First World has not provided evidence of that receipt, or anything else demonstrating they followed the proper procedures to initiate arbitration. This case has been before the Court for four years without any serious indication from First World that they are willing to move the matter towards resolution. The failure to commence arbitration is both a failure to obey a court order and a failure to prosecute the case. Therefore, this case is dismissed without prejudice.

III.     Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute (#29) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**; **IT IS FURTHER ORDERED** that the Clerk of the Court close this case.

DATED this 2nd day of November 2022.

_____
Kent J. Dawson
United States District Judge